```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DANIEL JOHN BENHOFF, Individually  :
and as personal representative of  :
the Estate of TERESA ANNE BENHOFF, : CIVIL ACTION
Deceased                           :
                                   :
         vs.                       :
                                   : NO. 14-CV-4960
SK TRAVEL, LLC., GULFSTREAM        :
AEROSPACE CORPORATION (Delaware),  :
GULFSTREAM AEROSPACE CORPORATION   :
(Georgia), HONEYWELL INTERNATIONAL :
PARKER HANNIFIN CORPORATION        :
(California), and PARKER HANNIFIN  :
CORPORATION (Ohio)                 :
```

## MEMORANDUM AND ORDER

**JOYNER, J.**                                           **November 5, 2014**

This wrongful death case is now before this Court on Plaintiff's Motion to Remand to the Court of Common Pleas of Philadelphia County. Because we find that removal was premature, we shall grant Plaintiff's motion and remand this matter to the state court.

### Factual Background

This action has its origins in the very tragic crash of a Gulfstream GIV twin jet aircraft as it was attempting to take off from Hanscom Field in Bedford, Massachusetts to return to Atlantic City, New Jersey. As a result of this crash, all four passengers and the three crew members aboard were killed.

On July 16, 2014, representatives of the Estates of two of the deceased passengers, Ann Theresa Brennan Leeds and Marcella M. Dalsey, filed suit in the Court of Common Pleas of Philadelphia County, Pennsylvania against SK Travel, LLC, the owner of the aircraft, Gulfstream Aerospace Corporation of Delaware and Gulfstream Aerospace Corporation of Georgia, the manufacturers of the aircraft at issue, Honeywell International, the manufacturer of the flight control system and cockpit displays and Parker Hannifin Corporation, which designed, manufactured and sold one of the component parts of the aircraft which is alleged to have been the primary cause of the accident.

On August 4, 2014, the plaintiff in this action, Daniel Benhoff, acting individually and in his capacity as the personal representative of the Estate of his deceased wife, Teresa Anne Benhoff (the flight attendant on the fatal Gulfstream flight) filed a Petition to Intervene as a Party Plaintiff or, in the Alternative a Motion to Consolidate his proposed action with the Leeds matter, attaching a copy of the complaint which he was prepared to file in the Philadelphia County Court if given leave to do so.  On August 25, 2014, Defendant, SK Travel filed its Notice of Removal of Benhoff's Petition to Intervene pursuant to 28 U.S.C. §§1332, 1441 and 1446.  As noted, Plaintiff now seeks remand.

**Discussion**

More particularly, Plaintiff moves to remand this case on

the grounds that removal was improper given that the Philadelphia County Court of Common Pleas had yet to rule on his motion to intervene and/or consolidate and he had yet to actually file a lawsuit in the state court.

28 U.S.C. §1441 addresses when civil actions may properly be removed from state to the federal courts.  In this regard, subsection (a) of that statute reads:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Similarly, the procedure for removal of civil actions is outlined in 28 U.S.C. §1446 which states, in relevant part:

> (a) Generally. - A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements; generally. - (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> (2)(A)  When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and

> served must join in or consent to the removal of the action.
>
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> © If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
>
> (3) Except as provided in subsection ©, if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
>
>     .....

It has long been held that these statutory procedures for removal are to be strictly construed against removal and that all doubts should be resolved in favor of remand. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S. Ct. 366, 369, 154 L. Ed. 2d 368 (2002)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)); Samuel-Bassett v. Kia Motors of America, Inc., 357 F.3d 392, 396 (3d Cir. 2004); Steel Valley Authority v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).  In the face of a motion to remand, it is the removing party who bears the burden of demonstrating that removal was proper. Samuel-Bassett, supra; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); Kosicki v. Nationstar Mortgage, LLC, 947 F. Supp. 2d 546,

552 (W.D. Pa. 2013). And whether removal was proper often turns on whether the removing defendant was "properly served" by the plaintiff under §1441(b) and/or whether notice of removal was timely filed "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based... or "after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. §1446(b)(1); Parker Hannifin Corporation v. Federal Insurance Co., Civ. A. No. 13-1456, 2014 U.S. Dist. LEXIS 72997 at *5 (W.D. Pa. May 29, 2014).

In defense of its removal, Defendant SK Travel makes the reasonable argument that it acted properly upon its receipt of Plaintiff's petition to intervene because it was clear from the Plaintiff's proposed complaint that was attached to it that this Court would have diversity jurisdiction. Although the issue now before us (*i.e.,* whether removal may commence upon receipt of a proposed complaint attached to a petition to intervene in a state court action) appears to be one of first impression and all of the decisional law construing Sections 1441 and 1446 seems to address only the timeliness of removal, the Supreme Court has nevertheless made clear that *service* of the complaint is of

paramount importance.[1]  This is in large measure because of the bedrock principle that an individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action and brought under a court's authority by formal process.  Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-348, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999).  Accordingly, under the Supreme Court's interpretation of §1446(b), removal is no different "from all other responsive acts," nor does the language of §1446(b) "render removal the sole instance in which one's procedural rights slip away before service of a summons, *i.e.*, before one is subject to any court's authority."  Id., 526 U.S. at 356, 119 S. Ct. at 1329-1330.  Indeed, "it is the service of a complaint containing factual allegations and claims against a defendant that helps to ensure the plaintiff is serious about moving forward with a lawsuit against the forum-defendant and is not merely avoiding the federal forum."  Parker Hannifin, supra, 2014 U.S. Dist. LEXIS at *12.

The question of whether service has occurred remains a question of state law.  Cmiech v. Electrolux Home Products, Inc., 520 F. Supp. 2d 671, 674 (M.D. Pa. 2007).  Under the Pennsylvania

---

[1]  Moreover, under the Third Circuit's decision in Sikirica v. Nationwide Insurance Co., 416 F.3d 214 (3d Cir. 2005), it is now clear that it is the complaint that is the "'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. §1446(b)."  Id., at 223.

6

Rules of Civil Procedure, service may be accomplished by handing a copy of original process to the defendant, by handing a copy of original process "at the residence of the defendant to an adult member of the family with whom he resides," "to an adult person in charge of such residence," "to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides", or "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."  Pa. R. C. P. 402(1)(2)(i),(ii),(iii).  Alternatively, in lieu of service under this rule, the defendant or his authorized agent may accept service of original process by filing an Acceptance of Service.  Pa. R. C. P. 402(b).  In certain limited circumstances, service of original process may also be effectuated by mail or by alternate means such as posting or publication.  <u>See</u>, <u>e.g.</u>, Pa. R. C. P. Nos. 403, 404, 430.

   Here, we reiterate that Plaintiff has yet to formally file his complaint against Defendants.  Instead, he has elected to endeavor to join a previously-existing action which was filed approximately 3 months ago and which allegedly arises out of the same series of events as give rise to the Plaintiff's claims.  In compliance with Pa. R. C. P. 2328, he appended to his intervention petition a copy of the pleading (the complaint) which he would file in that action if the Court of Common Pleas should permit him to intervene and served a copy of the petition

7

on each of the parties to that lawsuit.[2]  Inasmuch as Defendant bears the burden of proving the propriety of removal and it has not demonstrated how it received a copy of the petition, we shall assume that it was "served" by one of the methods outlined in Pa. R. C. P. 440 (applying to service of legal papers other than original process).  Thus, we cannot find that Plaintiff has served the defendants with original process within the meaning of §1446 so as to have made them subject to the court's authority as to his claims.  Consequently, at this point at least, we conclude that there is no "action" between Plaintiff and Defendants to be removed from the state court.  We are therefore constrained to agree with Plaintiff that removal of this action was improper and that the motion to remand should be granted.[3]

An order follows.

---

[2]  Specifically, Pa. R. C. P. 2328 provides:

(a) Application for leave to intervene shall be made by a petition in the form of and verified in the manner of a plaintiff's initial pleading in a civil action, setting forth the ground on which intervention is sought and a statement of the relief or the defense which the petitioner desires to demand or assert.  The petitioner shall attach to the petition a copy of any pleading which the petitioner will file in the action if permitted to intervene or shall state in the petition that the petitioner adopts by reference in whole or in part certain named pleadings or parts of pleadings already filed in the action.

(b) A copy of the petition shall be served upon each party to the action.

[3]  We are of course, cognizant of the likelihood that in the event that the Petition to Intervene should be granted, this case shall again be removed to the Eastern District (albeit at that time properly given the diverse citizenships of the parties).  However, there also exists the possibility that the Philadelphia Court of Common Pleas may decline to permit intervention and/or consolidation for whatever reason and thus it would be pure speculation on the part of this Court as to what future course this litigation may take.